IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

ANGELA THACKER, as Personal
Representative of the Estate of
RABEN CRISEL,

   Plaintiff,

v.                Civil Action No.: 3:15-CV-13388

SEVENTEENTH STREET ASSOCIATES, LLC d/b/a
HUNTINGTON HEALTH AND REHABILITATION CENTER;
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC;
SAVASENIORCARE CONSULTING, LLC,

   Defendants.

## AMENDED COMPLAINT

   Plaintiff, Angela Thacker, as Personal Representative of the Estate of Raben Crisel, hereby sues Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center; SavaSeniorCare Administrative Services, LLC; and SavaSeniorCare Consulting, LLC and states as follows:

## GENERAL ALLEGATIONS

   1. Angela Thacker ("Plaintiff") is a resident of Cabell County, West Virginia and is the daughter of Raben Crisel.

   2. Plaintiff has been appointed Personal Representative of the Estate of Raben Crisel.

   3. Jurisdiction of this Court is proper under the statutory and common law of the State of West Virginia.

   4. Venue is appropriate in Cabell County, West Virginia.

5. At all times material hereto, Defendant Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center, was and is licensed to do business within the state of West Virginia and is authorized and licensed to operate a nursing home facility in Huntington, Cabell County, West Virginia, known as Huntington Health and Rehabilitation Center pursuant to W.Va. Code §16-5C-1 *et seq*. and 42 C.F.R. §483.75(a).

6. At all times material hereto, Defendant Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center was and is operating a "nursing and rehabilitation center" under the name Huntington Health and Rehabilitation Center in Huntington, Cabell County, West Virginia.

7. At all times material hereto, Defendant Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center (hereinafter also referred to as "Huntington Health and Rehabilitation Center") was a wholly owned subsidiary of Defendant SavaSeniorCare Administrative Services, LLC, and was controlled by Defendant SavaSeniorCare Administrative Services, LLC.  Based upon its actual ownership, operation, management and control of the skilled nursing facility, SavaSeniorCare Administrative Services, LLC, was an owner and a de facto "licensee" of the nursing home.

8. At all times material hereto, Defendant SavaSeniorCare Administrative Services, LLC exercised extensive authority over the nursing home, which included, but was not limited to, control of marketing, human resources, management, training, staffing, policy and procedure creation and implementation, federal and state Medicare and Medicaid reimbursement, quality care assessments and compliance, licensure and certification procedures, legal services, financial, tax, and accounting control.

9. At all times material to this action, Defendant SavaSeniorCare Administrative Services, LLC exercised control of Huntington Health and Rehabilitation Center, including

creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined accounting processes and bookkeeping procedures including intra-corporate transfers of assets and liabilities.

10. At all times material to this action, Defendant SavaSeniorCare Administrative Services, LLC was the alter ego of Defendant Huntington Health and Rehabilitation Center. Further, Defendant SavaSeniorCare Administrative Services, LLC exercised such control of the operational and management function of Huntington Health and Rehabilitation Center that these entities served as mere conduits through which Defendant SavaSeniorCare Administrative Services, LLC conducted its business.

11. In the alternative, Plaintiff alleges that at all times material to this action, Huntington Health and Rehabilitation Center acted as the agent of Defendant SavaSeniorCare Administrative Services, LLC in that Defendant SavaSeniorCare Administrative Services, LLC ratified or authorized the acts and/or omissions of Huntington Health and Rehabilitation Center.

12. In the alternative, Plaintiff alleges that to the extent Defendant SavaSeniorCare Administrative Services, LLC and Huntington Health and Rehabilitation Center are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate this nursing home and other West Virginia nursing homes. Defendants shared a common interest and purpose in the operation of these facilities. Defendant SavaSeniorCare Administrative Services, LLC shared authority over the operation of this nursing home and other nursing homes set up in a similar fashion.

13. In the alternative, Plaintiff alleges that at all times material to this action, Defendant SavaSeniorCare Administrative Services, LLC established and operated Huntington Health and Rehabilitation Center for an improper purpose; i.e., knowingly operating facilities, including this facility, in the state of West Virginia in a manner that includes, but is not limited to, operating the West Virginia facilities with insufficient staff and insufficient supplies to meet the residents' needs.

14. At all times material hereto, Huntington Health and Rehabilitation Center was a wholly owned subsidiary of Defendant SavaSeniorCare Consulting, LLC, and was controlled by Defendant SavaSeniorCare Consulting, LLC. Based upon its actual ownership, operation, management and control of the skilled nursing facility, SavaSeniorCare Consulting, LLC, was an owner and a de facto "licensee" of the nursing home.

15. At all times material hereto, Defendant SavaSeniorCare Consulting, LLC exercised extensive authority over the nursing home, which included, but was not limited to, control of marketing, human resources, management, training, staffing, policy and procedure creation and implementation, federal and state Medicare and Medicaid reimbursement, quality care assessments and compliance, licensure and certification procedures, legal services, financial, tax, and accounting control.

16. At all times material to this action, Defendant SavaSeniorCare Consulting, LLC exercised control of Huntington Health and Rehabilitation Center including creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined accounting processes and bookkeeping procedures including intra-corporate transfers of assets and liabilities.

17. At all times material to this action, Defendant SavaSeniorCare Consulting, LLC was the alter ego of Defendant Huntington Health and Rehabilitation Center. Further, Defendant SavaSeniorCare Consulting, LLC exercised such control of the operational and management function of Huntington Health and Rehabilitation Center that these entities served as mere conduits through which Defendant SavaSeniorCare Consulting, LLC conducted its business.

18. In the alternative, Plaintiff alleges that at all times material to this action, Huntington Health and Rehabilitation Center acted as the agent of Defendant SavaSeniorCare Consulting, LLC in that Defendant SavaSeniorCare Consulting, LLC ratified or authorized the acts and/or omissions of Huntington Health and Rehabilitation Center.

19. In the alternative, Plaintiff alleges that to the extent Defendant SavaSeniorCare Consulting, LLC and Huntington Health and Rehabilitation Center are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate this nursing home and other West Virginia nursing homes. Defendants shared a common interest and purpose in the operation of these facilities. Defendant SavaSeniorCare Consulting, LLC shared authority over the operation of this nursing home and other nursing homes set up in a similar fashion.

20. In the alternative, Plaintiff alleges that at all times material to this action, Defendant SavaSeniorCare Consulting, LLC established and operated Huntington Health and Rehabilitation Center for an improper purpose; i.e., knowingly operating facilities, including this facility, in the state of West Virginia in a manner that includes, but is not limited to, operating the West Virginia facilities with insufficient staff and insufficient supplies to meet the residents' needs.

21. Upon information and belief, at all times material hereto the Defendants were subject to the provisions of W.Va. Code §16-5C-1 *et seq.* and responsible for all actions at Huntington Health and Rehabilitation Center, located at 1720 17th Street, Huntington, West Virginia.

22. Upon information and belief, at all times material hereto, Defendants represented to residents, prospective residents, their families and legal representatives that its staff, representatives and agents would provide quality care to its residents, maintain the dignity and self respect of its residents, and otherwise provide the level of care and services required by law.

23. Raben Crisel was a nursing home resident of Defendants' nursing facility, Huntington Health and Rehabilitation Center, from March 1, 2014 to March 26, 2014.

24. During the period of time Raben Crisel was under the care of Huntington Health and Rehabilitation Center, the Defendants had a statutorily mandated duty to provide Raben Crisel with his nursing home resident's rights as set forth in W.Va. Code §16-5C-1, *et seq.*, W.Va. C.S.R. §64-13-1 *et seq.,* and 42 C.F.R. §483 including, but not limited to, the following:

    (a)    The right to participate in planning his overall care;

    (b)    The right to be free of abuse, neglect, mistreatment or restraint by physical or chemical means except as allowed by the rules;

    (c)    The right to be adequately informed of his medical condition and proposed treatment;

    (d)    The right to be provided with care in a manner and in such an environment so as to promote the maintenance or enhancement of his quality of life;

  (e)  The right to be provided with an environment free of accident hazards;

  (f)  The right to receive adequate supervision and assistance devices to prevent accidents; and

  (g)  The right to receive adequate and appropriate health care and protective and support services consistent with his resident care plan, with established and recognized practice standards within the community, and with rules and regulations adopted by the Department of Health and Human Resources, including W.Va. Code §16-5C-1 *et seq.,* and 42 C.F.R. §483.

25. Defendants' duties outlined in the above-referenced rules and regulations were non-delegable duties such that Defendants had and have direct liability for violations, deprivations, and infringements of Raben Crisel's nursing home resident's rights caused by any officers, managing agents, servants, employees, or outside caregivers acting in furtherance of Defendants' operations.

26. Defendants were and are vicariously liable for the negligence of Defendants' officers, managing agents, servants, and employees acting within the course and scope of their employment by Defendants, which occurred during Raben Crisel's residency at Huntington Health and Rehabilitation Center.

27. At all times material hereto, Huntington Health and Rehabilitation Center was a licensed professional nursing home and had a duty to provide care and services to Raben Crisel in accordance with regulations promulgated in the West Virginia Code of State Rules and the Code of Federal Regulations, and in a reasonably prudent and careful manner under common law, consistent with accepted practice standards.

28. Huntington Health and Rehabilitation Center and related Defendants further had a duty to properly train, supervise, hire, retain and dismiss any servants, employees and agents, or outside caregivers or contractors for services utilized by Defendants in furtherance of their operations as a nursing home facility, which occurred during Raben Crisel's residency.

29. On or around March 1, 2014, Raben Crisel was admitted to Huntington Health and Rehabilitation Center for rehabilitation and assistance with his activities of daily living. Raben Crisel and his family expected Huntington Health and Rehabilitation Center to provide him with quality care as required by law.

30. During his admission to Huntington Health and Rehabilitation Center, Raben Crisel suffered serious injuries from a pattern of poor care, neglect and abuse rendered by Huntington Health and Rehabilitation Center and their staff, which injuries included multiple falls resulting in head injury. The negligence and abuse of Raben Crisel by Huntington Health and Rehabilitation Center caused the significant destruction of his physical and mental condition during his residency at the facility.

31. During his residency at Huntington Health and Rehabilitation Center, Defendants failed to provide a safe environment for Raben Crisel. Defendants failed to provide adequate monitoring or preventive measures to prevent Raben Crisel from falling which resulted in a head injury.

32. The negligence and carelessness of the professionals and non-professionals at Huntington Health and Rehabilitation Center contributed substantially in causing serious injuries to Raben Crisel, resulting in pain and suffering, and ultimately his death.

33. Plaintiff has performed all conditions precedent to bringing this action against Defendants, including performing an investigation of the deprivations and/or infringements

of Raben Crisel's right to adequate and appropriate health care, and the pre-suit investigation, screening and notice requirements, if any, required by W.Va. Code § 55-7B-6.

## COUNT I
## STATUTORY VIOLATIONS

34. Plaintiff realleges and incorporates herein by reference paragraphs 1-33 above and further states as follows:

35. This is a survival action pursuant to W.Va. Code § 55-7-8a and an action pursuant to W.Va. Code § 16-5C-15.

36. Notwithstanding the duty of Huntington Health and Rehabilitation Center and related Defendants to provide Raben Crisel with his nursing home residents' rights mandated by statute during the relevant time periods, Raben Crisel was deprived of his right to receive adequate and appropriate health care and protective and support services consistent with his care plan, consistent with recognized practice standards and consistent with rules as adopted by the Department of Health and Human Resources, by the acts and omissions of Defendants, their agents, servants, employees, or outside caregivers, including but not limited to the following:

    (a) Failing to keep Raben Crisel and his family members fully informed of his total health status and of his medical condition during his residency at Defendants' facility;

    (b) Failing to provide a sufficient number of staff to provide adequate and appropriate nursing care to all its residents, including Raben Crisel, and in accordance with their resident care plan;

    (c) Failing to provide health care services in compliance with state law and applicable Federal and State Rules and Regulations and with

    acceptable professional standards and principles applicable to the personnel providing those services at the nursing home facility;

 (d) Failing to provide Raben Crisel with adequate supervision, assistive devices and an environment free of hazards to prevent accidents;

 (e) Failing to provide adequate supervision and monitoring of the resident to prevent falls with subsequent injuries; and

 (f) Failing to provide adequate and appropriate care and treatment, nursing services, physician services, and other health care in an effort to enhance or maintain Raben Crisel's quality of life and medical condition.

37. Defendants' acts and omissions during the relevant time period also violated Raben Crisel's right to be treated courteously, fairly and with the fullest measure of dignity.

38. As a direct and proximate result of Defendants' acts and omissions during his residency at Huntington Health and Rehabilitation Center, Raben Crisel suffered multiple falls, physical injuries, mental anguish, physical pain and suffering and incurred medical treatment and expenses for such injuries and was deprived of adequate and appropriate treatment and healthcare or had such treatment and healthcare delayed and was denied his rights as a nursing home resident pursuant to W.Va. Code §16-5C-1 *et seq.* Therefore, Raben Crisel sustained lethal and non-lethal infringements of his rights as a nursing home resident at the Defendants' nursing home facility. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendants, and seek all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages as well as any

other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT II
## NEGLIGENCE

39. Plaintiff realleges and incorporates by reference paragraphs 1-38 above and further states as follows:

40. This is an action for negligence pursuant to W.Va. Code § 55-7B-1 *et seq*.

41. Defendants had a duty to act with reasonable care in the provision of services to Raben Crisel during the course of his residency at Huntington Health and Rehabilitation Center.

42. Defendants breached their duty to Raben Crisel as set forth hereinabove.

43. As a direct and proximate result of the negligence of the Defendants' employees, agents, and servants, committed during his residency at Huntington Health and Rehabilitation Center and in the course and scope of their agency and employment, Raben Crisel suffered fall resulting in a head injury.

44. As a direct and proximate result of the negligence of Defendants' employees and agents committed during the relevant time period in the course and scope of their agency and employment, during the course of his residency at Huntington Health and Rehabilitation Center, Raben Crisel sustained bodily injuries resulting in pain and suffering, mental anguish, inconvenience, physical impairment, loss of capacity for the enjoyment of life, aggravation of existing diseases and physical defects, and incurred medical expenses. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against all Defendants, and seeks all damages allowable pursuant to West Virginia law, including, but not limited to Attorney's fees, costs, and punitive damages as well as any other items that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT III
## ORDINARY NEGLIGENCE
## AND RECKLESS MISCONDUCT

45. Plaintiff realleges and incorporates by reference paragraphs 1-44 above and further states as follows:

46. In addition to the claims set forth above encompassing statutory and regulatory violations, Plaintiff alleges that Defendant committed common law negligence and was also reckless.

47. Plaintiff further alleges such negligence is outside the scope of W.Va. Code § 55-7B-1 *et seq*. and includes, but is not limited to, such acts as:

   (a) Failure to properly staff the facility;

   (b) Failure to provide proper supervision of Raben Crisel;

   (c) Failure to maintain the premises in a safe and secure manner; and,

   (d) Failure to provide basic needs, i.e. food, liquid, toileting, cleaning and assistance with activities of daily living.

48. Defendants breached these duties as set forth herein above.

49. These breaches resulted in Raben Crisel's injury and/or death.

WHEREFORE, Plaintiff demands judgment against Defendants, and seeks all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages as well as any other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT IV
## <u>WRONGFUL DEATH CLAIM</u>

50. Plaintiff realleges and incorporates by reference paragraphs 1-49 above and further states as follows:

51. This is an action for wrongful death pursuant to W.Va. Code § 55-7-5 *et seq*.

52. Plaintiff was and is the surviving daughter of Raben Crisel, deceased.

53. Defendants and their employees had a duty to act with reasonable care in the provision of care and services to Raben Crisel during the course of their nursing home operations.

54. Defendants breached their duties to the decedent, Raben Crisel, by and through their acts and omissions of their agents, servants, and employees, both managerial and non-managerial, while acting in the course and scope of their employment, and/or while acting in the scope of their agency relationship, in one or more of the ways described hereinabove.

55. As a direct and proximate result of the negligence of Defendants and the Defendants' employees, servants and agents, committed in the course and scope of their agency and employment, the decedent, Raben Crisel suffered from systemic abuse and neglect causing significant injuries, and ultimately led or contributed to his death on or about March 27, 2014.

56. As a direct and proximate result of the negligence of Defendants and the Defendants' employees, servants and agents, committed in the course and scope of their agency and employment, Raben Crisel died and Angela Thacker has sustained mental pain and suffering and loss of companionship and guidance of her father as a result of his death.

13

57. As a direct and proximate result of the negligence of Defendants and Defendants' employees, Plaintiff's survivors and/or estate have incurred medical expenses for the care and treatment of the conditions that led to his death and, additionally, the estate has incurred funeral expenses. The actions and omissions alleged were willful and arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against all Defendants, and seeks all damages allowable pursuant to West Virginia law, including, but not limited to Attorney's fees, costs, and punitive damages as well as any other items that the Court sees fit to award and demands a trial by jury on all issues.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**By Counsel,**

/s/Andrew L. Paternostro
Andrew L. Paternostro, Esquire (WV Bar No. 5541)
Jeff D. Stewart, Esquire (WV Bar No. 9137)
**THE BELL LAW FIRM, PLLC**
Post Office Box 1723
Charleston, West Virginia 25326
(304) 345-1700 / (304) 345-1715 (Fax)
*Counsel for Plaintiff*