IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ANGELA THACKER, as Personal**
**Representative of the Estate of**
**RABEN CRISEL,**

      **Plaintiff,**

v.                                        Case No.:  3:15-cv-13388

**SEVENTEENTH STREET ASSOCIATES, LLC**
**d/b/a HUNTINGTON HEALTH AND**
**REHABILITATION CENTER; SAVASENIORCARE**
**ADMINISTRATIVE SERVICES, LLC; and**
**SAVASENIORCARE CONSULTING, LLC,**

      **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending before the Court is Plaintiff's Motion to Compel, (ECF No. 71), seeking supplemental discovery responses from Defendant Seventeenth Street Associates, LLC d/b/a Huntington Health and Rehabilitation Center ("HHRC"). HHRC has filed a response in opposition to the motion, (ECF No. 79), and Plaintiff has replied. (ECF No. 82). The issues are clear; therefore, oral argument is unnecessary, and this matter is ready for disposition. For the following reasons, the Court **DENIES** Plaintiff's Motion to Compel.

On February 29, 2016, Plaintiff served HHRC with interrogatories and requests for the production of documents. (ECF No. 79-1). HHRC served responses to Plaintiff's discovery requests on March 30, 2016. (ECF No. 79-2 at 15). Five days later, Plaintiff's

1

counsel sent an email to HHRC's counsel, indicating that certain answers were inadequate. (ECF No. 79-3). Consequently, Plaintiff's counsel asked for supplementation. HHRC's counsel agreed to supplement some of the responses, but refused to provide Plaintiff with all of the information she sought in the discovery requests. (ECF No. 79-4). On April 27, 2016, HHRC served supplemental responses, providing a portion of the requested information and reasserting objections to the production of the remaining materials. (ECF No. 79-5).

On July 14, 2016, seventy-eight days after service of the supplemental responses, Plaintiff's counsel wrote a letter in "follow up" to the original discovery dispute raised in April. (ECF No. 79-6). In the letter, counsel indicated that Plaintiff had never received the supplemental responses promised by HHRC. Counsel asked that the responses be supplied no later than July 27, 2016, or Plaintiff would file a motion to compel. (*Id.* at 4). On July 18, 2016, HHRC's counsel sent an email to Plaintiff's counsel, informing her that supplemental answers had been served in April and offering to resend them. (ECF No. 79-7). Plaintiff's counsel responded to the email on July 27, 2016, stating that the April supplement was not in the office file, and thanking HHRC's counsel for notifying them. (*Id.*). Plaintiff's counsel advised that she still needed a supplement to one request for the production of documents; that being, number 27.

No other correspondence, emails, or similar communications are a part of the record before this Court; however, Plaintiff states in her reply memorandum that "[d]efense counsel did not outright reject any additional compromise on remaining discovery until an in-person meeting on November 3, 2016. Thus, it was Plaintiff's good faith belief that any Motions to Compel before this date would be premature." (ECF No. 82 at 2) (citing LR Civ P 7.1(a)(1)). Plaintiff filed her motion to compel on November 10,

2016. (ECF No. 71).

While LR Civ P 7.1(a)(1) addresses motion practice in general, LR Civ P 37.1(c) specifically governs the timeliness of motions to compel discovery responses. LR Civ P. 37.1(c) provides, in relevant part, that "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived." LR Civ P 37.1(c). Under the Local Rules of this Court, the only precursor to filing a motion to compel is a mandatory meet-and-confer session. LR Civ P 37.1(b) states that "[b]efore filing any discovery motion ... counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting." LR Civ P 37.1(b). Nothing in the Local Rules suggests that the obligation to meet and confer in any way extends the thirty-day period in which to file a motion to compel.

In this case, adding three days for service by mail, Plaintiff had no later than May 9, 2016 in which to file a motion to compel. By that time, Plaintiff knew that HHRC was not amenable to providing all of the information requested. The parties had not spoken by telephone, or met in person, as required; however, the communications between the parties made clear what information HHRC would agree to provide in its supplemental responses, and what information HHRC refused to provide. (ECF No. 79-4). Notwithstanding the remaining disputes, Plaintiff failed to file a motion to compel until November, six months after expiration of the deadline. During that period, no stipulations were entered extending the thirty-day deadline, and no motion seeking an extension of the deadline was filed. Accordingly, Plaintiff waived her right to file a motion to compel.

On occasion, a party's waiver has been excused; for example, when the record shows great tenacity and diligence by the party seeking responses, robust and ongoing discussions between the parties in an effort to resolve the disputes, a misunderstanding between the parties, or some other circumstance that justifies consideration by the Court of a motion to compel filed after the deadline. However, those occasions are not common, and this case does not present such circumstances. Despite Plaintiff's representations to the contrary, the record indicates that Plaintiff simply failed to follow-up on the discovery responses between April and July. When Plaintiff's counsel received a set of supplemental responses in July, she advised HHRC's counsel that Plaintiff still wanted additional information in response to request for production of documents no. 27. The information was not forthcoming, yet Plaintiff waited another three months and two weeks before filing the motion to compel. Then, the motion to compel not only requested supplementation of request for production of documents no. 27, but also asked the Court to compel a supplemental response to request no. 24, a response that was not raised as an issue in Plaintiff's July correspondence. Clearly, Plaintiff has no good excuse for failing to timely file a motion to compel. Considering the length of the delay and the current posture of the case, Plaintiff's motion is, therefore, denied as untimely.

The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to counsel of record.

**ENTERED:** December 14, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge